UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

IN RE: REQUEST FOR JUDICIAL           CASE NO.
ASSISTANCE FROM THE EMBASSY
OF THE ARAB REPUBLIC OF EGYPT
*IN THE MATTER OF*
*HAGAR ABDO HASSAN V. MOHAMED*
*SAMY MOHAMED ABUELENIEN*
_____/

**APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782(a)**

Siama S. Mohsin, Acting United States Attorney for the Eastern District of

Michigan, by the undersigned Assistant United States Attorney, Zak Toomey,

petitions this Court for an Order pursuant to 28 U.S.C. § 1782(a), appointing Zak

Toomey, Assistant United States Attorney, Commissioner for the purposes of

obtaining documents from the University of Michigan regarding Mohamed Samy

Mohamed Aboudelenien, Ph.D. Certain information has been requested by the

Aswan Court for Family Affairs in Egypt ("Egyptian Court") pursuant to a letters

rogatory request issued in connection with a civil judicial proceeding captioned:

*Hagar Abdo Hassan v. Mohamed Samy Mohamed Abouelenien*, Foreign Reference

Number 4160 of the year: 2020.

The grounds for this Application are more fully articulated in the attached

Memorandum of Law.

Respectfully submitted,

**Saima S. Mohsin**
Acting United States Attorney

*/s/ Zak Toomey*
**Zak Toomey** (MO61618)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9617
Dated: August 12, 2021            zak.toomey@usdoj.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

IN RE: REQUEST FOR JUDICIAL          CASE NO.
ASSISTANCE FROM THE EMBASSY
OF THE ARAB REPUBLIC OF EGYPT
*IN THE MATTER OF*
*HAGAR ABDO HASSAN V. MOHAMED*
*SAMY MOHAMED ABUELENIEN*
_____/

## GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782

The United States of America, by and through counsel, submits this

Memorandum of Law in support of the Application for Order,[1] pursuant to 28

U.S.C. § 1782(a), to execute a letters rogatory from authorities in Egypt in order to

provide international judicial assistance in obtaining documents regarding

Mohamed Samy Mohamed Aboudelenien, Ph.D., from the University of Michigan.

## INTRODUCTION

The request for international judicial assistance comes from the Aswan

---

[1] *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("It is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45[(d)](3)."). *See also In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas."); *In re Letter of Request from Supreme Ct. of Hong Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991); *In re Application of Masters for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, 315 F. Supp. 3d 269, 272 (D.D.C. 2018); *In re Anglin*, No. 7:09cv5011, 2009 WL 4739481, at *1-2 (D. Neb. Dec. 4, 2009).

Court for Family Affairs in Egypt through the U.S. State Department. Specifically, the Court has issued a request for judicial assistance to obtain documents for use in the case captioned *Hagar Abdo Hassan v. Mohamed Samy Mohamed Abouelenien*, Foreign Reference Number 4160 of the year: 2020. *See* Declaration of Assistant United States Attorney Zak Toomey, Exhibit 1 – Toomey Decl.; Exhibit 2 – Request, dated April 9, 2021.

The facts of this case, as stated in the letters rogatory, indicate that this is a civil proceeding in which the Egyptian Court is adjudicating a family matter. The Court needs the income records of Dr. Aboulenien. The Egyptian Court's request was transmitted through the U.S. Department of State to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance, Washington, D.C. via diplomatic channels to be executed as a matter of comity, courtesy, and reciprocity. The request was then transmitted to the U.S. Attorney's Office for the Eastern District of Michigan for execution in accordance with 28 C.F.R. § 0.49(c). In order to execute these requests for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782.

## ARGUMENT

### I.     STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

The authority for this Court to assist foreign tribunals in obtaining

documents is contained in 28 U.S.C. § 1782. This section states:

> <u>Assistance to foreign and international tribunals and to litigants before such tribunals</u>
>
> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988) (discussing several historical instances in

which Congress has broadened § 1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on other grounds by Intel Corp.*, 542 U.S. 241. District courts have repeatedly appointed Department of Justice Attorneys to act as commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts. *See, e.g., In re Clerici,* 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of an Assistant United States Attorney to obtain sworn answers to questions posed in letters rogatory). *See also <u>In re Request for Judicial Assistance From the Nat'l Court of Original Jurisdiction No. 68 in Buenos Aires, Argentina</u>*, No. 3:19-MC-31-J-39MCR, 2019 WL 5528394 (M.D. Fla. Oct. 25, 2019) (appointing Department of Justice Attorney commissioner to obtain evidence from Merrill Lynch).

This Court is authorized to provide assistance to the Egyptian Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person or document for which discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." *In re: Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery,* 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004). *See also S.* Rep. No. 88-1580 at 2 (1964), *reprinted in* 1964 U.S.C.C.A.N.

4

3783 (providing Congress' general statement regarding the purpose behind the statute); *Intel*, 542 U.S. at 248-49 (providing a brief history of Section 1782 and federal court aid to foreign tribunals).

Here, each of these threshold statutory requirements is easily met. First, Mohamed Samy Mohamed Abouelenien "resides or is found in" the Eastern District of Michigan because his place of employment is in Dearborn, Michigan. Exhibit 2 – Request. Second, the request explains that the documents are "for use in a proceeding before a foreign tribunal" as such documents are needed to determine the income of Dr. Abouelemien. *Id*. Third, the request itself also reflects that it "is made by a foreign or international tribunal." *Id*.

## II.   DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

"[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *See Intel*, 542 U.S. at 264. Indeed, § 1782 "affords the district courts 'wide discretion' in responding to requests for assistance in proceedings before foreign tribunals." *Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000) (quoting *Application of Esses*, 101 F.3d 873, 876 (2d Cir. 1996)). The Supreme Court set forth certain discretionary factors for a district court to consider before granting a request for judicial assistance:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign entity to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign

5

proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the requested information is unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264-65. "In exercising its discretion under § 1782, the district court should be guided by the statute's 'twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Al Fayed*, 210 F.3d at 424 (quoting *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992)); *see also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Egyptian Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech,* 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) [hereinafter *In re Svitavy*]. *See also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be

6

unobtainable absent § 1782(a) aid."). The University of Michigan is not a party to the proceedings and is not subject to the Egyptian Court's jurisdiction because it is located in Dearborn, Michigan; thus, the first factor weighs in favor of granting the motion.

Second, there is nothing in the request to suggest that this Court should decline to grant the Application based on the nature of the Egyptian Court or the character of the proceedings. Additionally, this request was initiated by the Egyptian Court and not by an independent party; therefore, the Egyptian Court is clearly receptive to the assistance of this Court and the second factor weighs in favor of granting the motion. *See In re Svitavy*, 748 F. Supp. 2d at 527 (discussing a specific application of the second *Intel* factor).

With respect to the third factor, because the requester is the Egyptian Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Egypt's discovery rules or to thwart policies of either the United States or Egypt. *See In re Svitavy*, 748 F. Supp. 2d at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). Therefore, the third *Intel* factor weighs in favor of granting the Egyptian Court's request for judicial assistance.

And with respect to the fourth factor, the request seeks the income records of Mohamed Samy Mohamed Abouelenien from the University of Michigan and the

7

University of Michigan has already said it has the documents readily available and would provide the information once it received a subpoena and therefore it would not be unduly intrusive or burdensome. Exhibit 1 – Toomey Decl., ¶ 4; Exhibit 3 – Emails; *See, e.g., In re Svitavy*, 748 F. Supp. 2d at 529 (holding that providing a DNA by buccal swab is not unduly burdensome); *see also In re Clerici,* 481 F.3d at 1335 (holding that it was the witness's burden to file a motion to limit discovery and, as he had not done so, the Court was not going to address the scope of the request). Thus, the fourth factor also weighs in favor of granting the request.

In summary, consideration of the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the Egyptian Court.

## CONCLUSION

Attached to the Declaration of Assistant United States Attorney Zak Toomey is the proposed subpoena that this office intends to serve (in substantially similar format) on the University of Michigan should the Court grant the Application pursuant to 28 U.S.C. § 1782. Upon receipt, the documents will be sent to the Department of Justice, Civil Division, Office of International Judicial Assistance for transmission to the U.S. Department of State to be sent back to the Egyptian Court through diplomatic channels.

WHEREFORE, the United States respectfully requests that the Court issue an Order appointing Assistant United States Attorney Zak Toomey Commissioner

for the purpose of issuing a subpoena to execute the request for international judicial assistance.

Respectfully submitted,

**Saima S. Mohsin**
Acting United States Attorney

*/s/ Zak Toomey*
**Zak Toomey** (MO61618)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9617
Dated: August 12, 2021                zak.toomey@usdoj.gov

9