UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: REQUEST FOR JUDICIAL
ASSISTANCE FROM THE EMBASSY
OF THE ARAB REPUBLIC OF EGYPT
IN THE MATTER OF
HAGAR ABDO HASSAN
V. MOHAMED
SAMY MOHAMED ABYELENIEN

_____/

Case No. 2:21-mc-51058

HON. MARK A. GOLDSMITH

## OPINION & ORDER
## DENYING MOTION TO QUASH (Dkt. 3)

This matter is before the Court on Mohamed Samy Mohamed Abyelenien's[1] motion to quash a subpoena issued to the University of Michigan-Dearborn, Abyelenien's employer (Dkt. 3). For the reasons stated below, the Court denies the motion.[2]

### I. BACKGROUND

This matter arises out of a request for international judicial assistance that the Embassy of the Arab Republic of Egypt, on behalf of the Aswan Court for Family Affairs in Egypt, issued to the United States. App. for Order Pursuant to 28 U.S.C. § 1782(a) at 3–4 (Dkt. 1). The Egyptian family court is adjudicating a dispute for spousal support brought against Abyelenien by his former wife, Hagar Abdo Hassan, who lives in Egypt. Mot. at 3; Resp. at 1 (Dkt. 4). It seeks information

---

[1] The Government and the movant use different spellings of the movant's last name. According to the movant, his last name is "Abyelenien." However, the Government identifies the movant as "Abouelenien." The Court uses the same spelling as the movant.

[2] Because oral argument will not aid in the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2).

about Abyelenien's salary and research funding from the University of Michigan, his employer, for use in that case. Letters Rogatory at 1–2 (Dkt. 1-3); Resp. at 1.

The Egyptian family court sent a letters rogatory to the United States Department of State, which processed it and referred it to the United States Department of Justice for execution in accordance with 28 C.F.R. § 0.49(c). Letters Rogatory at 1; App. for Order Pursuant to 28 U.S.C. § 1782(a) at 2. The Department of Justice petitioned this Court for authority to execute the request for international judicial assistance pursuant to 28 U.S.C. § 1782 by issuing a subpoena to the University of Michigan for evidence of "income earned by Mohamed Samy Mohamed [Abyelenien] from the University of Michigan." App. for Order Pursuant to 28 U.S.C. § 1782(a); Toomey Decl. at 1 (Dkt 1-2). The Court granted the § 1782 application. 8/17/21 Order (Dkt. 2). The Department of Justice then served the subpoena on the University of Michigan. Resp. at 1.

Abyelenien filed a motion to quash pursuant to § 1782 and Federal Rule of Civil Procedure 45. The United States filed a response to the motion.

## II. ANALYSIS

Abyelenien moves to quash the subpoena on two grounds. First, he argues that the Government failed to comply with Rule 45 because it did not provide him with notice of the subpoena prior to serving it on the University of Michigan. Mot. at 4. Second, he contends that the information that the subpoena seeks is "private information" and that, therefore, under § 1782 and Rule 45, he has a valid interest in prohibiting the release of this private information for public use. Id. at 3–5. The Court addresses each argument in turn.[3]

---

[3] Abyelenien also mentions that Egypt is not a signatory to the Hague Convention on the Civil Aspect of International Child Abduction and does not recognize or abide by civil judgments of divorce established and entered in states court in the United States. Mot. at 3. Because he does not explain how these facts are relevant to the motion, the Court will not address the issue, as the

2

### A. Notice Under Rule 45

Rule 45 states that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). The purpose of this provision is to provide an opposing party a chance to object to the subpoena. Hendricks v. Total Quality Logistics, LLC, 275 F.R.D. 251, 253 (S.D. Ohio 2011).

Abyelenien argues that the Government failed to comply with this notice requirement because he received notice of the subpoena only after it was served. Mot. at 4. The Government responds by stating that it did not violate Rule 45 because Abyelenien is not a party, as he has chosen not to participate in the case pending in the Egyptian family court. Resp. at 9. It also states that it did not violate Rule 45 because, approximately two weeks before the Government submitted its § 1782 application to the Court, a Government attorney spoke to Abyelenien by phone and informed him that the Government intended to issue a subpoena seeking his salary information and that, if it did, Abyelenien would have the opportunity to file a motion to quash. Resp. at 9–10; Stanford Decl. ¶ 6 (Dkt. 4-2)). Further, on the day that the Court granted the § 1782 application, the same Government attorney called Abyelenien and left him a voicemail explaining that the Government would promptly issue the subpoena to the University of Michigan. Stanford Decl. ¶ 8.

The Government does not indicate whether it served a copy of the subpoena on Abyelenien before it served the subpoena on the University of Michigan. See id. ¶¶ 6, 8. However, even if there were technical noncompliance with Rule 45, Abyelenien has not suffered any identifiable

---

Court need not develop an argument for him. See United States v. Mathur, 624 F.3d 498, 508 (1st Cir. 2010).

3

prejudice. He was informed of the subpoena by phone twice before it was issued, and he contacted the United States Attorney's Office several times the day after the Government issued it. Subpoena Email (Dkt. 4-3). And he has taken advantage of his ability to raise an objection, as he promptly filed the motion to quash.

Courts have enforced subpoenas even if there is technical noncompliance with Rule 45 where the allegedly impacted party eventually obtained notice, had the opportunity to raise objections, and did raise objections. See, e.g., Sys. Prods. & Sols., Inc. v. Scramlin, No. 13-cv-14947, 2014 WL 3894385, at *6 (E.D. Mich. Aug. 8, 2014). Without a demonstration of prejudice from technical non-compliance with the rule, courts can proceed to consider the merits of any objection. See McClendon v. TelOhio Credit Union, Inc., No. 2:05-CV-1160, 2006 WL 2380601, at *3 (S.D. Ohio Aug. 14, 2006) ("Although there may have been some technical violation of Rule 45(b), plaintiffs have not been prejudiced by that violation. In such a situation, the Court is entitled to move beyond the alleged violation . . . and look to the merits of the issue of whether the subpoenaed information is properly discoverable.").

Here, Abyelenien received some form of notice, has asserted objections, and has suffered no prejudice from any technical non-compliance with Rule 45. Therefore, the Court may proceed to examine the merits of his objections.

### B. Privacy Interest in the Information Under § 1782 and Rule 45

Abyelenien argues that he has a privacy interest in the information the subpoena calls for, and that this privacy interest is being abridged under both § 1782 and Rule 45. Mot. at 3–4, 5.

"Section 1782 provides federal-court assistance in gathering evidence and testimony for use in foreign tribunals." JSC MCC EuroChem v. Chauhan, No. 18-5890, 2018 WL 9650037, at *1 (6th Cir. Sept. 14, 2018). Under the statute, "[t]he district court of the district in which a person resides

4

or is found may order him . . . to produce a document or other thing for use in a proceeding in a foreign international tribunal . . . ." 28 U.S.C. § 1782(a). "The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court." Id.

Rule 45 states that a court "must quash or modify a subpoena" that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). Courts have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Hendricks, 275 F.R.D. at 253; Fed. R. Civ. P. 26(b)(1).

Abyelenien asserts that, under § 1782 and Rule 45, he "has a privacy interest in the information sought by the subpoena" and that, because the information sought is private, he "has a valid interest in prohibiting the release [of] this private information for public use." Mot. at 3–4, 5. However, Abyelenien does not have a privacy interest in the information that the subpoena seeks: evidence of income that he earned from the University of Michigan.[4] This information is not private, as Abyelenien is an employee at a public university, and, therefore, his salary information is publicly available. See Resp. at 10 n.3 (providing link to the University of Michigan's 2020 Salary Disclosure Report, which lists the salary record for regular faculty and staff, including Abyelenien). Thus, what the subpoena calls for is a matter of public knowledge. Moreover, as

---

[4] Abyelenien states that the subpoena seeks "information contained within the University of Michigan's personnel file relevant to Mr. Abyelenien's employment terms, income structure, and other wage related contracts/negotiations." Mot. at 2. But this description expands what the subpoena calls for, which is "[i]ncome earned by Mohamed Samy Mohamed [Abyelenien] from the University of Michigan." Toomey Decl. at 4.

the Government notes, the Egyptian family court is not gathering the evidence for public use but rather for use in a spousal support dispute between Abyelenien and his former wife. Resp. at 10.

Further, Abyelenien does not contend that the statutory requirements that authorize a district court to permit discovery under § 1782 are not met. Nor does he state that the discretionary factors that a district court must consider in deciding whether to permit discovery under § 1782 are not met. And, as the Government notes, the statutory requirements are met in this case, and all of the discretionary factors support permitting discovery. See Resp. at 6–9 (explaining how the statutory requirements and discretionary factors governing § 1782 discovery applications that the Supreme Court set out in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247–249, 264−265 (2004) are satisfied).

Because the information that the subpoena calls for is publicly accessible, the Court rejects Abyelenien's argument that the information is barred from disclosure under § 1782 and Rule 45 based on an asserted privacy interest in it.

### III. CONCLUSION

Because the subpoena is proper under 28 U.S.C § 1782 and Rule 45, Abyelenien's motion to quash (Dkt. 3) is denied.

SO ORDERED.

Dated: December 27, 2021            s/Mark A. Goldsmith
       Detroit, Michigan            MARK A. GOLDSMITH
                                    United States District Judge